**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| RIDER SASSEEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| WAL-MART STORES, INC., | § | Jury Trial Demanded |
| | § | |
|     Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rider Sasseen complaining of Defendants Wal-Mart Stores, Inc. (hereinafter Wal-Mart), and for cause of action would respectfully show the Court the following:

### A. PARTIES

1. Plaintiff Rider Sasseen is an injured individual residing in Gregg County, Texas.

2. Defendant Wal-Mart Stores, Inc. is a company incorporated under the laws of Delaware and with its principal place of operation in Bentonville, Arkansas.

### B. JURISDICTION

3. The Court has jurisdiction over this lawsuit under the provisions of 28 U.S.C.A. § 1332 because suit is between a citizen of Texas and business entities formed under the laws of foreign states. Additionally, the amount in controversy exceeds $75,000 exclusive of interest and costs.

## C. VENUE

4. Venue is proper in this district under the provisions of 28 U.S.C.A. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## E. FACTS

6. On or about April 22, 2014, Plaintiff Sasseen went into the Wal-Mart store at 1201 Stone Road in Kilgore, Texas. During this time, he felt the need to use the restroom. He then proceeded back to the public restrooms.

7. Plaintiff Sasseen had noticed a Wal-Mart employee, whom he now knows to be Devin Rhett Butler, who was with other customers. Wal-Mart employee Butler followed Plaintiff Sasseen into the restroom. Plaintiff Sasseen saw no reason for alarm.

8. Once in the restroom, Plaintiff Sasseen went into a stall, closed the door, and sat down at the commode. Shortly thereafter, Plaintiff Sasseen noticed a camera and/or cellular phone with recording device that was coming from under the partition between two stalls. The camera operator was clearly attempting to capture Plaintiff's image in a clandestine manner. The camera's operator was not very successful in being clandestine.

9. Plaintiff – understandably quite shocked and unnerved at the intrusion – yelled and stood up. Plaintiff could hear the camera's operator attempting to leave the restroom. Plaintiff threw open the door to his stall and was able to momentarily impede the camera's operator as he attempted to flee. During that moment, Plaintiff recognized the camera's operator as the person whom he now knows to be Devin Rhett Butler.

10. Plaintiff reported this incident to the Wal-Mart office and supervisors, who advised him they were not sure what the correct action was in light of this assault on Plaintiff's privacy. The Wal-Mart personnel asked Plaintiff to fill out a form and told him they would be in contact. That same day, Wal-Mart called and told Plaintiff they had found the culprit and were "talking to him." That next day, Wal-Mart representatives called again and said they had fired the deviant employee. Unsatisfied, Plaintiff went to the Kilgore Police Department to make criminal a complaint. The Kilgore Police eventually issued a warrant for and arrested Devin Rhett Butler.

### F.  NEGLIGENT HIRING OF DEFENDANT WAL-MART

11. Upon information and belief, the Wal-Mart management had prior notice of Devin Rhett Butler's unusual proclivities. As such, Wal-Mart put its customers in danger of having the worst kinds of violations: those against dignity. What happened to Plaintiff Sasseen is a foreseeable and natural result of Wal-Mart's negligent and reckless retention of such a troubled employee.

12. Devin Rhett Butler committed several torts arising out of his employment with Wal-Mart on the day in question. Butler intentionally invaded Plaintiff Sasseen's privacy through intrusion upon seclusion by intentionally photographing Plaintiff in a compromising position, while he was behind a closed door with a reasonable expectation of privacy. Butler further intentionally inflicted emotional distress upon the Plaintiff through his willful and hurtful invasion of Plaintiff's privacy.

13. But for Wal-Mart's negligent hiring and retention of Devin Rhett Butler, he would not have been in a position to commit these torts. Wal-Mart has a duty to protect its customers, which it failed to do.

### G. GROSS NEGLIGENCE OF WAL-MART

14. Further, Wal-Mart's actions were grossly negligent in this case. Plaintiff's injuries resulted from Defendants' gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code § 41.003(a).  Defendants had actual awareness of the extreme degree of risk caused by retaining this employee but proceeded with conscious indifference to the rights, safety, and welfare of others, namely Plaintiff.

### H.  DAMAGES

15. Due to the above violations, Plaintiff has been injured. His privacy was invaded, and he has suffered commiserate emotional distress. In addition, due to the gross negligence of the Wal-Mart, he is entitled to exemplary damages.

### I.  JURY DEMAND

16. Plaintiff demands a jury trial and tenders the appropriate fee with his Complaint.

### J.  CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be duly cited to appear and answer this Complaint and that upon final hearing Plaintiff recover as follows:

    a. Actual damages and exemplary damages;

    b. Prejudgment and postjudgment interest as provided by law;

    c. Costs of Court; and

    d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

**THE MONSOUR LAW FIRM**

  /s/ Benton G. Ross
Benton G. Ross
State Bar No. 24068124
Douglas C. Monsour
State Bar No. 00791289
404 North Green Street
Post Office Box 4209
Longview, Texas  75606
(903) 758-5757
(903) 230-5010 (fax)

ATTORNEYS FOR PLAINTIFF